IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHANTELL ROBERT JOHNSON,**

    **Plaintiff,**

    v.                                                           **CASE NO. 23-3233-JWL**

**SALINE COUNTY JAIL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 23, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until November 20, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges in his Complaint that on or about August 20, 2023, Plaintiff and inmate Quincy Williams "had a conversation" regarding the phone. (Doc. 1, at 2.) Plaintiff alleges that Plaintiff took off his glasses "as a precaution" and reached for the phone. *Id*. Plaintiff alleges that Williams struck Plaintiff in the right eye breaking Plaintiff's orbital bone and giving Plaintiff a concussion. *Id*. Plaintiff alleges that Williams has stated to Plaintiff and other inmates that he hears voices in his head and takes medication for it. *Id*. Plaintiff alleges that Williams talks to himself and at times spits his medication in the toilet. *Id*. at 6.

Plaintiff alleges a failure to protect. Plaintiff claims that the SCJ has an obligation to screen inmates for mental illness before placing them in general population. *Id*. at 5. Plaintiff alleges

1

that the SCJ knew Williams took medication for voices in his head and yet they still placed him in general population. *Id*.

Plaintiff names as defendants: the SCJ; (fnu) Hylton, Lieutenant at SCJ; and (fnu) Wallace, Corporal at SCJ. Plaintiff alleges that Lt. Hylton is in charge of security at the SCJ, and Cpl. Wallace is in charge of housing placements. *Id*. at 6. Plaintiff seeks compensatory and punitive damages. *Id*. at 8. Plaintiff states that he did not seek administrative remedies "because the assault has already taken place." *Id*.

The Court found in the MOSC that Plaintiff's claims against the SCJ are subject to dismissal. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Plaintiff alleges that Defendants Hylton and Wallace failed to protect him by placing a mentally ill inmate in general population. The Court found in the MOSC that the Eighth Amendment standard applies, and that "prison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'"

*Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. Dec. 29, 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "This duty includes 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Id*. (citations omitted).

A claim of deliberate indifference requires a plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a subjective component inherent in the claim"). A defendant's subjective intent is inherent in the concept of deliberate indifference. *Hooks*, 983 F.3d at 1203. "[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Id*. at 1204 (citing *Strain*, 977 F.3d at 993). Plaintiff must "establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Strain*, 977 F.3d at 990 (citations and alteration omitted).

The Court found that Plaintiff failed to provide supporting facts regarding whether or not anyone was aware that the other inmate was a danger to Plaintiff. Plaintiff states that the other inmate was mentally ill, talked to himself and claimed he heard voices, and was taking medication. Nothing suggests that the inmate was violent or otherwise posed a safety threat to the other inmates. Plaintiff's allegations suggest that the assault occurred due to "a conversation" about use of the phone. Plaintiff failed to allege sufficient facts to show that a defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference. The Court directed Plaintiff to show good cause why his failure to protect claim should not be dismissed for failure to state a claim.

Plaintiff alleges that he did not exhaust his administrative remedies because the assault had already occurred.  However, an inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies before filing a complaint in federal court. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted).  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 4, at 8.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

Dated November 27, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
